IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ECF CASE |
| Plaintiff, | CIVIL ACTION NO. |
| v. | |
| | COMPLAINT |
| RECEIVABLE MANAGEMENT, INC. D/B/A KRAMER AND ASSOCIATES | JURY TRIAL DEMANDED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Carolyn Vartanian who was adversely affected by such practices. As alleged with greater particularity in paragraph 10 below, the Equal Employment Opportunity Commission alleges that Defendant Receivable Management, Inc. d/b/a Kramer and Associates discriminated against Ms. Vartanian because of her pregnancy by rescinding a promotion after learning she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Receivable Management, Inc. d/b/a Kramer and Associates, a New Jersey corporation, has continuously been doing business in the State of New Jersey and has continuously had at least 15 employees.

5. At all relevant times, Defendant Receivable Management, Inc. d/b/a Kramer and Associates, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Carolyn Vartanian filed a charge with the Commission alleging violations of Title VII by Defendant Receivable Management, Inc. d/b/a Kramer and Associates ("Defendant").

7. The Commission issued to Defendant a Letter of Determination dated January 5, 2015, notifying Defendant that the Commission found reasonable cause to believe that Defendant discriminated against Carolyn Vartanian on the basis of sex.

8. The conciliation efforts required by law have occurred and were unsuccessful:

  (a) On January 5, 2015, the Commission issued to Defendant a Letter of Determination inviting Defendant to join with the Commission in informal methods of conciliation.

  (b) On February 13, 2015, EEOC issued a Notice of Conciliation Failure advising Defendant that, despite its efforts, EEOC was not able to secure an agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. In or around 2012, Defendant engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.  These practices include but are not limited to:

  (a) In the Fall of 2011, Ms. Vartanian initially rejected Defendant's offer of employment to work as a collections specialist because it was not a management-level position.

  (b) In response to Ms. Vartanian's initial rejection of its offer, Defendant increased Ms. Vartanian's starting salary and assured her that promotional opportunities would be available early in her career with Defendant.

  (c) In reliance on the possible promotional opportunities and an increase in her starting salary, Ms. Vartanian accepted Defendant's job offer and started work in November, 2011.

  (d) In or around April of 2012, Defendant offered Ms. Vartanian a promotion to collections manager.

  (e) Ms. Vartanian accepted the promotion and the parties commenced discussion of and planning for the implementation of this promotion.

    (f)    In July 2012, Ms. Vartanian notified her immediate supervisor that she was pregnant.

    (g)    On or about August 2, 2012, Defendant rescinded the offer to promote Ms. Vartanian because she was pregnant.

    (h)    Specifically, Defendant notified Ms. Vartanian that she was not going to be promoted as planned because she was pregnant and needed to focus on her health, and because she would be on maternity leave during tax season.

11.    The effect of the practices complained of in paragraph 10 above have been to deprive Ms. Vartanian of equal employment opportunities and otherwise adversely affect her status as an employee, because of her pregnancy.

12.    The unlawful employment practices complained of in paragraph 10 above were intentional.

13.    The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Ms. Vartanian.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from engaging in sex discrimination, including discrimination based on pregnancy.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Ms. Vartanian, by providing appropriate backpay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

    D.    Order Defendant to make whole Ms. Vartanian, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including medical expenses, in amounts to be determined at trial.

    E.    Order Defendant to make whole Ms. Vartanian by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 10 above, including losses such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Ms. Vartanian punitive damages for its malicious and/or reckless conduct described in paragraph 10 above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

.

                                      P. David Lopez
                                      General Counsel

                                      James Lee
                                      Deputy General Counsel

.                                      Gwendolyn Reams
                                      Associate General Counsel

|  | */s/ Robert D. Rose* |
|---|---|
|  | Robert D. Rose |
|  | Regional Attorney |

|  | */s/ Jeffrey Burstein* |
|---|---|
|  | Jeffrey Burstein |
|  | Supervisory Trial Attorney |

|  | */s/ Rosemary DiSavino* |
|---|---|
|  | Rosemary DiSavino |
|  | Senior Trial Attorney |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center
Suite 1703
283-299 Market Street
Newark, New Jersey 07102
(973) 645-6430
rosemary.disavino@eeoc.gov